UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONTE JACKSON-GIBSON
and TORIEL DIXON,

       Plaintiffs,

v.

                                                Case No. 20-cv-12765
                                                Honorable Linda V. Parker

REGINALD BEASLEY, JUSTIN
HEARN, and DEREK FIELDS,

       Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION

On October 13, 2020, Plaintiffs Toriel Dixon and Lamonte Jackson-Gibson filed this lawsuit against Defendants pursuant to 42 U.S.C. § 1983. Defendants filed a motion for summary judgment on February 21, 2023, presenting two issues:

> 1) Is summary judgment in favor of Defendants appropriate as to Count I of Plaintiffs' Complaint, as the use(s) of force were objectively reasonable and/or because Defendants are entitled to qualified immunity?
>
> 2) Is summary judgment in favor of Defendants[] Justin Hearn and Derek Fields[] appropriate as to Count II of Plaintiffs' Complaint as there was no opportunity or ability to prevent the use(s) of force?

(*See* ECF No. 33-2 at PageID 174 (capitalization removed).) After full briefing, this Court issued an opinion and order answering the first issue "no" as to Mr. Jackson-Gibson but "yes" as to Ms. Dixon, and answering the second issue "yes"

with respect to both Mr. Jackson-Gibson and Ms. Dixon. (ECF No. 39.) Thus, the Court granted in part and denied in part Defendants' motion.

The matter is presently before the Court on Defendants' motion for reconsideration. (ECF No. 41.) The Court issued a notice informing the parties that Plaintiffs could file a response to the motion if they chose to do so. (ECF No. 42.) Plaintiffs chose to do so. (ECF No. 43.) For the reasons that follow, the Court is denying Defendants' motion.

## Applicable Standard

The Court's summary judgment decision was a non-final order as it did not dispose of all parties or claims in Plaintiffs' Complaint. *See Kissner v. Orr*, No. 22-2076, 2023 WL 5687037, at *2 (6th Cir. Aug. 31, 2023). Under Eastern District of Michigan Local Rule 7.1(h), "[m]otions for reconsideration of non-final orders are disfavored" and may only be granted on three grounds: (1) a mistake of the court "based on the record and law before the court at the time of its prior decision" if correcting the mistake would change the outcome of the prior decision; (2) "[a]n intervening change in controlling law warrants a different outcome"; or (3) "[n]ew facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision." E.D. Mich. LR 7.1(h)(2). Defendants rely on the first ground in their motion.

2

## Analysis

Defendants identify two perceived errors in the Court's summary judgment decision: (i) "finding that Defendants were not seeking summary judgment with respect to any claim of unlawful detention or wrongful arrest Plaintiffs may have or may continue to assert"; and (ii) "failing to apply the appropriate standard of review to [Defendant Sergeant Reginald] Beasley's qualified immunity defense[.]" (ECF No. 41 at PageID 1517 (capitalization and emphasis removed).)

### Plaintiffs' Unlawful Detention & Wrongful Arrest

Throughout their Complaint, Plaintiffs allege, among other things, that Sergeant Beasley did not have a lawful reason to arrest or detain Plaintiffs.[1] (*See,*

---

[1] In these paragraphs, when discussing their alleged unlawful arrest and detention, Plaintiffs refer only to Sergeant Beasley. In Count II, Plaintiffs allege generally that Defendant Officers Justin Hearn and Derek Fields "had a duty to intervene when . . . Sergeant Beasley[] violated Plaintiffs' rights under the Fourth Amendment" and that they had "the opportunity and means to intervene and prevent the violation . . .." (*Id*. at PageID 18, ¶¶ 77, 79.) However, Plaintiffs only refer specifically to the officers' failure to intervene with respect to the excessive force allegedly used against them. (*Id*. ¶¶ 78, 80.) Therefore, the Court now concludes that Plaintiffs' failure-to-intervene claim against Officers Hearn and Fields is not premised on the alleged unlawful arrest or detention of Plaintiffs. This conclusion is bolstered by Plaintiffs' response to Defendants' motion for reconsideration. (*See* ECF No. 43 at PageID 1593-94 (pointing to allegations in the Complaint that "unambiguously pled that Defendant *Sergeant Beasley*" unlawfully arrested and detained Plaintiffs) (emphasis added); *id.* at PageID 1597 ("The issue in this § 1983 [action], whether *Sgt. Beasley* arrested [P]laintiff[s] in bad faith and without probable cause . . . is not 'identical' to the issue decided at Plaintiffs' preliminary examination") (emphasis added).) As there therefore are no remaining claims against Officers Hearns and Fields, the Court is terminating them from this action.

3

*e.g.*, ECF No. 1 at PageID 7, 9, 11, ¶¶ 23-24, 38, 40, 46, 51-52.)  The two counts alleged in Plaintiffs' Complaint are titled generally:  "42 U.S.C. § 1983—Violation of Plaintiffs['] 4th Amendment [r]ights[.]"  (*See id*. at PageID 14, 17 (capitalization removed).)  However, within Count I, Plaintiffs allege that they had the right "to be free from excessive force, *unlawful detention, and wrongful arrest*" and that those rights were violated by Sergeant Beasley.  (*See id*. at PageID 14-15, ¶¶ 67, 69, 70 (emphasis added).)

As set forth above, when seeking summary judgment, Defendants focused only on whether Sergeant Beasley used excessive force against Plaintiffs and whether Officers Hearn and Fields failed to intervene to prevent the use of such force.  Any claim of unlawful arrest or detention was not mentioned in Defendants' moving papers or Plaintiffs' response.  The Court therefore made this observation in its decision:  "It is unclear to the Court whether Plaintiffs continue to assert claims based on their alleged unlawful detention and wrongful arrest.  Defendants do not seek summary judgment with respect to those claims, to the extent they remain pending."  (ECF No. 39 at PageID 1499 n.3.)  After granting summary judgment to Officers Hearn and Fields with respect to Plaintiffs' excessive force claim, the Court additionally noted:

> If Plaintiffs are alleging the violation of their constitutional rights based only on the alleged use of excessive force, Officers Fields and

4

> Hearn will be dismissed as parties to this action. The parties should confer and inform the Court as to whether any claims remain against these two individuals or whether they should be dismissed as parties to this action with prejudice.

(*Id*. at PageID 1514, n.4.)

In their motion for reconsideration, Defendants claim the Court "erred" when finding that they were not seeking summary judgment with respect to any claims but those alleging excessive force. (ECF No. 41 at PageID 1520 (capitalization removed).) But no such error occurred, as Defendants never challenged—either expressly or by implication—any claims but those alleging that Sergeant Beasley used excessive force against Plaintiffs and that Officers Justin Hearn and Derrick Fields failed to intervene in Sergeant Beasley's use of excessive force. The lawfulness of Plaintiffs' arrests or detentions was never raised in Defendants' summary judgment motion, and they made absolutely no arguments in their briefs with respect to those issues. Tellingly, Defendants assert in their motion for reconsideration that, "until the entry of this Honorable Court's Order on [their] Motion for Summary Judgment, Defendants were unaware that any such claims were even being pursued."[2]  (*Id.*)

---

[2] Defendants, however, "concede" that Plaintiffs' Complaint refers to the lawfulness of their arrest, detention, and seizure. (ECF No. 41 at PageID 1521.) Defendants nevertheless argue that "these allegations appear in what amount to generalized boilerplate accusations with scarce appurtenant factual allegations" and that the blanket title of the counts in the Complaint—referring generally to violations of "Plaintiffs' 4th Amendment Rights," "compound[ed]" Defendants'

5

Defendants assert arguments in their motion for reconsideration for why any claim alleging unlawful detention or wrongful detention fails. However, a motion for reconsideration is not the proper avenue for introducing new legal theories or arguments which could have been presented before. *Exec. Ambulatory Surgical Ctr., LLC v. State Farm Mut. Auto. Ins. Co.*, 492 F. Supp. 3d 728, 731 (E.D. Mich. 2020) (citing *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007)).

In short, Defendants fail to demonstrate that the Court made a mistake when finding that they were not seeking summary judgment with respect to any claim of unlawful arrest or detention. Defendants, in fact, did not seek summary judgment with respect to any claim but those related to the alleged excessive force used against them.

---

confusion apparently as to what Fourth Amendment violations were being alleged. (*Id.*) When a defendant believes the plaintiff's allegations are insufficient to support a claim which they "concede" is referred to in the plaintiff's complaint, the expected response is a motion to dismiss for failure to state a claim or a motion for more definite statement. *See* Fed. R. Civ. P. 12. No such motion was filed by Defendants. At the very least, one would expect the defendant to seek clarification from opposing counsel. That does not appear to have happened, either.

**Sergeant Beasley's Qualified Immunity Defense**

Defendants assert that this Court made incorrect factual determinations and misapplied the standard of review when analyzing Mr. Jackson-Gibson's excessive force claim against Sergeant Beasley.

Defendants first argue that the Court was incorrect when it "stated that 'there is no evidence that Mr. Jackson-Gibson voluntarily resisted [Sergeant] Beasley's attempt to arrest him.'" (ECF No. 41 at PageID 1526 (quoting ECF No. 39 at PageID 1504).) Defendants then provide a narrative of what they claim occurred. The Court, however, after reviewing the available video footage numerous times, found and continues to find that a reasonable juror could view the events differently and find that Mr. Jackson-Gibson did not resist arrest.

Defendants next maintain that "the central deficiency" in the Court's qualified immunity analysis was that it asked whether a reasonable jury could conclude that Mr. Jackson-Gibson was not engaged in active resistance rather than "whether **every** reasonable official would have known that the **particular** conduct of the Officer at issue was unlawful." (ECF No. 41 at PageID 1528 (emphasis in original, quotation marks and citations omitted).) Defendants, however, conflate the standard applied when assessing the totality of the circumstances confronting an officer during the first prong of the qualified immunity analysis and the question

asked at the second prong as to whether a reasonable officer would have known that his or her conduct was unlawful.

It was only when evaluating the circumstances presented that this Court asked what a reasonable juror might conclude, and this was not a mistake of law. *See Latits v. Phillips*, 878 F.3d 541, 547 (6th Cir. 2017) (citing *Godawa v. Byrd*, 798 F.3d 457 463 (6th Cir. 2015)) (explaining that when facts, including those shown in videos, can be interpreted in multiple ways, or if videos do not show all relevant facts, such facts should be viewed in the light most favorable to the non-moving party); *see also Gambrel v. Knox Cnty.*, 25 F.4th 391, 400 (6th Cir. 2022) (citations omitted) ("[W]hen deciding whether force was excessive or whether our precedent clearly established that result, we must view genuine factual disagreements in the light most favorable to the plaintiff. If a reasonable jury could credit the plaintiff's version of events and if that version clearly shows the excessive nature of the defendants' force, we cannot grant the officers summary judgment"). The same is true with respect to the embrace between Mr. Jackson-Gibson and Ms. Dixon.

Defendants characterized this embrace as equivalent to "subjects interlock[ing] their arms in an act of civil disobedience." (ECF No. 33-4 at PageID 199 (quoting ECF No. 33-19 at PageID 1127).) In its discussion of this characterization, the Court simply was opining on whether this was an accurate, or

the only possible, characterization of the circumstances presented, when viewed in a light most favorable to Plaintiffs. (*See* ECF No. 39 at PageID 1507-08.) In no way was the Court "substitut[ing] its own ideas in regard to what is 'proper police procedure'" in response to the circumstances presented, as Defendants suggest. (ECF No. 41 at PageID 1529 (quoting *Boyd v. Baeppler*, 215 F.3d 594, 602 (6th Cir. 2000)).)

Lastly, Defendants contend that the Court failed to adhere to the Supreme Court's admonishment "not to define clearly established law at a high level of generality." (ECF No. 41 at PageID 1529-30 (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)).) According to Defendants, the Court had to identify a case "with **near-identical** facts"—i.e., one with subjects interlocking their arms in an act of civil disobedience—putting Sergeant Beasley on notice that his use of a taser was unreasonable. (*Id.* at PageID 1529 (emphasis in original) (citing *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5-6 (2021)).) But Supreme Court and Sixth Circuit precedent do not require that much.

To be clearly established, there does not need to be a case with "near-identical facts." Such a requirement does not appear in *Rivas-Villegas*. In fact, the Supreme Court indicated that its "case law does not require a case directly on point for a right to be clearly established[.]" 595 U.S. at 5; *see also White v. Pauly*, 580 U.S. 73, 79 (2017) (quoting *Mullenix v. Luna*, 577 U.S. 7, 12 (2015)); *Knibbs v.*

9

*Momphard*, 30 F.4th 200, 223 (4th Cir. 2022) ("We recognize that neither the Supreme Court nor this Circuit has considered a qualified immunity case with a fact pattern precisely identical to the instant one, but that does not preclude a finding that the right was clearly established"). Instead, "existing precedent must have placed the statutory or constitutional question beyond debate." *Rivas-Villegas*, 595 U.S. at 5 (quoting *White*, 580 U.S. at 79). The inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Id.* at 5-6 (quoting *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004)). Nevertheless, what is required is a case with factual *similarity*, not one that is directly on point. *See id.* at 5 (quoting *White*, 580 U.S. at 79).

This Court was not mistaken in its qualified immunity analysis. It applied the proper standard for assessing clearly established law when deciding Mr. Jackson-Gibson's excessive force claim against Sergeant Beasley.

## Conclusion

For the reasons set forth above, the Court holds that Defendants have not shown that a different outcome is warranted with respect to Mr. Jackson-Gibson's Fourth Amendment excessive force claim against Sergeant Beasley. As noted, however, Plaintiffs' response to Defendants' motion and this Court's review of Plaintiffs' pleading confirms that neither Mr. Jackson-Gibson nor Ms. Dixon assert Fourth Amendment claims of unlawful arrest or detention against Officers Hearn

or Fields.  The Court, therefore, is dismissing with prejudice Plaintiffs' Complaint against Officers Hearn and Fields and is terminating them from this action.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 1, 2023