UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONTE JACKSON-GIBSON
and TORIEL DIXON,

       Plaintiffs,

                              Case No. 20-cv-12765

v.                              Honorable Linda V. Parker

REGINALD BEASLEY, et al.

       Defendants.

_____/

## OPINION AND ORDER ADDRESSING DEFENDANT'S MOTIONS IN LIMINE

This lawsuit, filed under 42 U.S.C. § 1983, arises from a June 8, 2019

incident in Greektown involving Plaintiffs Lamonte Jackson-Gibson and Toriel

Dixon and Defendants, who are several City of Detroit Police Department

("DPD") officers.  It is pending trial on Mr. Jackson-Gibson's Fourth Amendment

excessive force claim against DPD Sergeant Reginald Beasley, and on Mr.

Jackson-Gibson's and Ms. Dixon's Fourth Amendment wrongful arrest claims

against Sergeant Beasley.[1]  This Court granted summary judgment to Sergeant

Beasley on Plaintiffs' other claims against him and to the other DPD officers on all

---

[1] Mr. Jackson-Gibson and Ms. Dixon were both charged with obstructing or
resisting a police officer.  Mr. Jackson-Gibson also was charged with disturbing
the peace.  At trial, a jury acquitted Plaintiffs of all charges.

of Plaintiffs' claims against them.  (*See* ECF No. 39.)  The Sixth Circuit affirmed.

(*See* ECF No. 49.)

The matter is presently before the Court on sixteen motions in limine filed

by Sergeant Beasley.[2]  (ECF No. 54.)  The motions are fully briefed.  (ECF Nos.

57, 58.)  The Court addresses each motion, below.

**Standard of Review**

District courts have broad discretion over matters involving the admissibility

of evidence at trial.  *See United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991).

"Although the Federal Rules of Evidence do not explicitly authorize in limine

rulings, the practice has developed pursuant to the district court's inherent

authority to manage the course of trials."  *Luce v. United States*, 469 U.S. 38, 41

n.4 (1984).  "A ruling on a motion in limine is no more than a preliminary, or

advisory, opinion that falls entirely within the discretion of the district court."

*United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).  A court may therefore

alter its ruling during trial.  *See Luce*, 469 U.S. at 41-42.  Motions in limine may

promote "evenhanded and expeditious management of trials by eliminating

evidence that is clearly inadmissible for any purpose."  *Indiana Ins. Co. v. Gen.*

---

[2] The motions are included in one filing, with each motion being attached as a separate exhibit.  (*See* ECF No. 54-1 to 54-17.)

*Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).

The Federal Rules of Evidence preclude the admissibility of "[i]rrelevant evidence[.]" Fed. R. Evid. 402. "The rules regarding relevancy, however, are quite liberal." *Robinson v. Runyon*, 149 F.3d 507, 512 (6th Cir. 1998). Under the Federal Rules of Evidence, "[e]vidence is relevant . . . if it has *any* tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401 (emphasis added). The Court is not "permitted to consider the weight or sufficiency of the evidence in determining relevancy and 'even if [it] believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has even the slightest probative worth.'" *Robinson*, 149 F.3d at 512 (quoting *Douglass v. Eaton Corp.*, 956 F.2d 1339, 1344 (6th Cir. 1992)).

Relevant evidence may be excluded, however, "if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidence is inadmissible if there is a danger of *unfair* prejudice, not mere prejudice. *See Robinson*, 149 F.3d at 514-15 (citing Fed. R. Evid. 403). "Virtually all evidence is prejudicial or it isn't

3

material." *Id*. at 515 (quoting *Koloda v. Gen. Motors Parts Div., Gen. Motors Corp.*, 716 F.2d 373, 378 (6th Cir. 1983)) (additional citation omitted).

**(1) Motion to Preclude Evidence of the City of Detroit's Indemnification or Detroit Law Department's Representation of Sergeant Beasley**

Sergeant Beasley moves to exclude evidence regarding the City of Detroit's obligation to indemnify him for any damages awarded to Plaintiffs in this lawsuit and its law department's obligation to represent him.  Sergeant Beasley equates this information to evidence of a defendant's insurance coverage, the admission of which is precluded at trial under Federal Rule of Evidence 411.

Plaintiffs maintain that this evidence is admissible to rebut any argument or suggestion to the jury that Sergeant Beasley will be unable to pay, or will suffer financially as a result of, any damage award.  Plaintiffs further argue that this evidence is admissible if Sergeant Beasley introduces Mr. Jackson-Gibson's statement to the DPD officers during the incident giving rise to this lawsuit that "you all about to lose a lot of money to me."  However, in reply, Sergeant Beasley represents that he does not intend to claim an inability to pay or offer Mr. Jackson-Gibson's statement into evidence.

Absent a defendant's intimation that he or she will be financially ruined by or lacks the ability to pay a damages award, evidence of indemnification is held to be inadmissible.  *See, e.g.*, *Pryor v. Corrigan*, 124 F.4th 475, 498 (7th Cir. 2024) (stating that "any evidence or argument about indemnification is barred at trial as

irrelevant and highly prejudicial under Federal Rules of Evidence 401 and 403");

*In re Exxon Valdez*, 229 F.3d 790, 798 (9th Cir. 2000) (citing *Larez v. Holcomb*, 16

F.3d 1513, 1520-21 (9th Cir. 1994)); *Green v. Baron*, 879 F.2d 305. 310 (8th Cir.

1989) (citing *Griffin v. Hilke*, 804 F.2d 1052, 1056-58 (8th Cir. 1986)) (finding

such information "extremely prejudicial"); *see also Lawson v. Trowbridge*, 153

F.3d 368, 379 (7th Cir. 1998) (recognizing "the general rule that evidence of

payments received from collateral sources is inadmissible" but finding it

inapplicable where "the defendants made their financial weakness the centerpiece

of their testimony in the damages phase of the trial").  Courts reason "that a jury's

task is to arrive at a 'dispassionate' determination of the proper award, and that the

evidence of indemnification might . . . tempt[] the jury to inflate the award out of

sympathy for the plaintiff."  *In re Exxon Valdez*, 229 F.3d at 798 (citing *Larez*, 16

F.3d at 1519).  Thus, unless Sergeant Beasley opens the door, the Court holds that

this evidence is inadmissible.

This motion is conditionally granted.

**(2) Motion to Preclude References to Race in Relation to Law Enforcement**

In this motion, Sergeant Beasley appears to be asking the Court to preclude

Plaintiffs from presenting evidence to show that their race (African American) was

a factor in how he carried out his law enforcement duties.  Sergeant Beasley, who

also is African American, contends that there is no evidence suggesting that his

actions or decisions were influenced by Plaintiffs' race.  Plaintiffs respond that they do not intend to introduce evidence regarding race in relationship to law enforcement, although they do intend to voir dire potential jurors to determine whether they hold any biases.[3]

Based on Plaintiffs' representation, the Court is denying this motion as moot.

### (3) Motion to Preclude "Golden Rule, "Community Consciousness," or "Send a Message" Arguments

Sergeant Beasley seeks to preclude Plaintiffs from asking the jurors to put themselves in Plaintiffs' shoes or making similar appeals to the juror's emotions. "Asking jurors to place themselves in the victim's shoes violates the ban on Golden Rule arguments."  *United States v. Hall*, 979 F.3d 1107, 1119 (6th Cir. 2020) (citing *United States v. Al-Maliki*, 787 F.3d 784, 795 (6th Cir. 2015)).  So do statements urging jurors to identify individually with the victims, such as "comments like 'it could have been you' the defendant harmed or 'it could have been your children.'"  *Id*. (quoting *Bedford v. Collins*, 567 F.3d 225, 234 (6th Cir. 2009)) (alterations omitted).  The "condemnation of a 'community conscience'

---

[3] It is the Court's practice to allow counsel to ask questions during voir dire. However, the Court generally requires the parties to submit their proposed voir dire questions in advance of trial.  Upon their submission, and perhaps after inquiring how a question is pertinent, the Court will decide which questions may be asked during voir dire.

argument is not limited to the use of those specific words; it extends to all impassioned and prejudicial pleas intended to evoke a sense of community loyalty, duty[,] and expectation." *Westbrook v. Gen. Tire & Rubber Co.*, 754 F.3d 1233, 1238-39 (5th Cir. 1985).

Plaintiffs acknowledge these holdings and provide that they have no intention of making such improper arguments. Plaintiffs maintain, however, that it is permissible for a plaintiff to make arguments relating to the jury's duty to the community when punitive damages are available—as they are here—given that such damages are aimed at deterring the defendant and others from engaging in similar conduct in the future. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003) (citations omitted) (contrasting compensatory and punitive damages and explaining that the latter damages serve a broader function than redressing the concrete loss the plaintiff has suffered and "are aimed at deterrence and retribution"). Plaintiffs are not mistaken.

Thus, the Court is granting Sergeant Beasley's motion to exclude "Golden Rule," "Conscience of the Community," and "Send a Message" arguments, but will consider allowing appropriate and related exceptions on a case-by-case basis, to the extent necessary (e.g., if there is evidence to support the jury awarding punitive damages).

**(4) Motion to Preclude References to a "Code of Silence" or "Blue Wall"**

Sergeant Beasley recognizes that evidence of a *particular* individual's bias is almost always relevant and admissible, and that "a witness' and a party's common membership in an organization, even without proof that the witness or party has personally adopted its tenets, is certainly probative of bias."  (ECF No. 54-4 at PageID. 1700 (quoting *United States v. Abel*, 469 U.S. 45, 52 (1984).)  But, in this motion, Beasley seeks to exclude *generalized* allegations that police officers adhere to a "Code of Silence" or a "Blue Wall," or otherwise seek to cover up misconduct to protect fellow officers.  Plaintiffs indicate in response that they do not intend to make generalized "Code of Silence" type arguments; however, they argue that "this Court" allowed the plaintiffs in *Slappy v. City of Detroit*, No. 19-10171, 2021 WL 2986284 (E.D. Mich. July 15, 2021), to offer evidence of a code of silence between the particular officers involved in the incident that gave rise to that case.

*This* Court did not decide *Slappy*.  In any event, the Court agrees with the Honorable Victoria Roberts, who did, that "[g]eneralized allegations of a 'code of silence related to police personnel not involved in th[e] case are not relevant and are akin to impermissible propensity evidence under [Federal Rule of Evidence] 404." *Id.* at *7.  As this is what Sergeant Beasley moves to preclude, the Court grants his motion.  To the extent Plaintiffs wish to offer evidence relevant to a code

of silence among the particular officers involved in the events underlying

Plaintiffs' claims, the Court will assess the admissibility of that evidence when

presented with the particulars.

### (5) Preclude References to Media Reports or Unrelated Incidents Involving Allegations of Police Misconduct, Use of Force, the City's Consent Decree, or Police/Public Relations Generally

Sergeant Beasley seeks to preclude Plaintiffs from introducing "evidence,

argument, or comment from any source whatsoever, regarding news articles or

other journalist publications related to the complained of incident and/or Sgt.

Beasley, which reference internal misconduct investigations and findings, civil

lawsuits, criminal charges or convictions, judg[]ments, and settlement pay-outs

involving Sgt. Beasley, other Detroit Police Officers, and the Detroit Police

Department in general."  (ECF No. 54-5 at PageID. 1702.)  Sergeant Beasley also

seeks to preclude Plaintiffs from trying to introduce the City of Detroit's Consent

Decree into evidence.  He maintains that this evidence is not admissible because it

is not relevant, as what happened in another incident is not probative here.  He

further maintains that media reports constitute inadmissible hearsay for which no

exception applies, including the residual exception in Federal Rule of Evidence

807.  Even if relevant and not hearsay, Sergeant Beasley argues that the probative

value of this evidence is outweighed by the considerations in Federal Rule of

Evidence 403.

9

In response, Plaintiffs state that they have no intention of presenting evidence at trial regarding unrelated allegations and incidents of police misconduct, use of force, or police/public relations generally.[4]  Plaintiffs argue, however, that evidence regarding Sergeant Beasley's misconduct in this case and during other citizen encounters is relevant.  Plaintiffs also contend that evidence of unrelated misconduct may be proper for impeachment purposes.

The Court is denying this motion without prejudice.  Without knowing the specific evidence being offered or its purpose, the Court is unable to assess its relevancy, whether it constitutes inadmissible hearsay, or whether any probative value is outweighed by the factors in Rule 403.  Nevertheless, the Court observes as a general matter and warning to Plaintiffs that "[u]nrelated allegations and incidents of police misconduct possess minimal—if any—probative value while carrying a great risk of prejudice to police officers."  *Slappy*, 2021 WL 2986284, at *5 (quoting *Martin v. City of Chicago*, No. 15-cv-04576, 2017 WL 2908770, at *6 (N.D. Ill. July 7, 2017)).  Notably, the City of Detroit is not a defendant in this

---

[4] Plaintiffs indicate that these subjects may be part of their counsel's voir dire to assess potential juror bias and may be properly offered for impeachment purposes. As noted earlier, upon their submission before trial, the Court will assess the appropriateness of the questions counsel seeks to ask during voir dire.  Whether evidence is properly admitted for impeachment purposes cannot be assessed at this time, without context.

action, and so any failure by its police department to train, oversee, or discipline its officers is not at issue.

### (6) Preclude References to Past or Subsequent Officer Misconduct, Citizen Complaints, Disciplinary History, Misconduct Investigations, Administrative, Legislative, or Judicial Hearing Transcripts, Recordings, Findings, or Judgments

This motion overlaps the motion just discussed. Again, without knowing the specific evidence offered and its intended purpose, the Court is unable to evaluate its relevancy, whether it constitutes inadmissible hearsay, or whether any probative value is substantially outweighed by the considerations in Rule 403. Therefore, it also is denied without prejudice.

### (7) Preclude Claims or References to Punitive Damages

Under appropriate circumstances, punitive damages are available in a § 1983 action. *Smith v. Wade*, 461 U.S. 30, 35 (1983) (quotation marks and citation omitted). "[A] jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Id.* at 56. Arguing that there is a lack of proof in this case to support an award of punitive damages, Sergeant Beasley moves to preclude Plaintiffs from referencing such damages at trial.

However, the only phases of the trial where the Court can conceive of punitive damages being referenced are counsel's opening statement and closing

11

argument—indicating that Plaintiffs may be entitled to such damages and that they should be awarded—and the jury instructions.[5]  And in the latter, the jurors will be instructed that the attorneys' statements and arguments are not evidence.[6]  To the extent Sergeant Beasley is asking the Court to rule that punitive damages are precluded, a motion in limine is not the proper mechanism to seek such relief.  *See Louzon v. Ford Motor Co.*, 718 F.3d 556, 561-62 (6th Cir. 2013).

Motions in limine are "designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions."  *Id.* at 561 (quotation marks and citation omitted).  They are not mechanisms to resolve non-evidentiary matters before trial, such as factual disputes or the sufficiency of a party's evidence.  *See id.* at 561-62.  Those functions are left to summary judgment motions.

For these reasons, the Court is denying this motion.

### (8) Preclude Assertion of an Amount of Damages Based on the Inherent Value or Importance of a Constitutional Right at Stake

Sergeant Beasley seeks to preclude Plaintiffs from asking the jury to award damages based on the value or importance of the constitutional rights at stake or to

---

[5] If Plaintiffs' counsel does intend to reference punitive damages at some other time, counsel should inform defense counsel and the court before hand, to allow the Court to evaluate whether it would be appropriate to do so.

[6] The Court anticipates that the issue of whether there is sufficient evidence for the jury to consider punitive damages will be decided before closing argument and final drafting of the closing jury instructions.

assign a particular monetary value to those rights.  Plaintiffs respond that they do not intend to place a numerical value on the constitutional rights at issue. However, they intend to stress the importance of those rights.

"[D]amages based on the abstract 'value' or 'importance' of constitutional rights are not a permissible element of compensatory damages." *King v. Zamiara*, 788 F.3d 207, 213 (6th Cir. 2015) (quoting *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 310 (1986)).  "A plaintiff who alleges the violation of a constitutional right is not entitled to compensatory damages unless he [or she] can prove actual injury caused by the violation." *Id.*  Damages must be based "on *the real injury sustained* and not on either the abstract value of the constitutional right at issue, or the importance of the right in our system of government." *King*, 788 F.3d at 214 (cleaned up).  Nevertheless, there are injuries that, although likely to have occurred, are difficult to establish and "some form of presumed damages may possibly be appropriate."[7] *Id.* at 213 (quoting *Stachura*, 477 U.S. at 310-11).

The Court is granting Sergeant Beasley's motion, as caselaw supports his argument that it is improper to urge or ask the jury to place a numerical value on the constitutional rights at issue.  This is distinct from asking the jury to quantify the damages caused by a demonstrated constitutional injury but for which a precise

---

[7] The Sixth Circuit set forth several examples of such injuries in *King*.  *See* 788 F.3d at 213-15 (collecting cases).

13

measure of damages is impossible.  While Plaintiffs may permissibly argue to the jury that the rights at issue are important, care must be taken to not suggest that the jury may calculate any damage award based on a right's perceived value.

### (9) Preclude References or Testimony Regarding Plaintiffs' Acquittal

Sergeant Beasley seeks to preclude Plaintiffs from referencing or offering into evidence through testimony or otherwise the fact that Plaintiffs were acquitted of the criminal charges brought against them as a result of the incident at issue.

Generally, a criminal acquittal is inadmissible in a subsequent civil trial because it is hearsay.  *See Dunlap v. Fields*, No. 98-6662, 2000 WL 875719, at *2 (6th Cir. June 20, 2000) (citing *McKinney v. Galvin*, 701 F.2d 584, 586 n.5 (6th Cir. 1983)); *see also Commonwealth of Ky. v. Louis Trauth Dairy, Inc.*, No. 96-6654, 1998 WL 199717, at *3 (6th Cir. Apr. 16, 1998) (citing *McKinney*, 701 f.3d at 586 n.5).  "[A] prior acquittal is not relevant because it does not prove the defendant's innocence, but rather merely indicates that the prior prosecution failed to meet its burden of proving beyond a reasonable doubt at least one element of the crime." *Louis Trauth Dairy*, 1998 WL 199717, at *3 (citing *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 361 (1984)); *see also McKinney*, 701 F.2d at 586 n.5 (cleaned up) (stating that acquittals "establish only that either the jury is not convinced beyond a reasonable doubt that the material propositions of fact have been established or that the jury is exercising its inherent mercy

14

dispensing power.  In either event, the defendant cannot claim that the contrary of the material propositions of fact have been found as a result of a judgement of acquittal").

In their response brief, Plaintiffs recognize the general rule regarding the inadmissibility of acquittals.  They seem to argue that their acquittals are nevertheless admissible because "the [d]efense has consistently gone beyond the proper framing of what a reasonable officer on the scene would believe to assert that Plaintiffs were *actually legally guilty* of[.]"  (ECF No. 57 at PageID. 1932.) Plaintiffs refer to the statement in Defendants' summary judgment motion that, according to the officers on the scene, Mr. Jackson-Beasley first was loitering, but then his behavior escalated to a misdemeanor offense of Interference with a City Employee or the felony of Resisting or Obstructing a police officer.  (*Id.* (quoting ECF No. 33 at PageID. 171).)  Plaintiffs point out that "the severity of the crime at issue" is one factor relevant to the jury's decision of whether Sergeant Beasley used excessive force.  (*Id*. at PageID. 1931 (citing *Fox v. DeSoto*, 489 F.3d 227, 236 (6th Cir. 2007).)

Sergeant Beasley is not seeking to preclude Plaintiffs from presenting evidence of the crimes with which they were actually charged.  His motion is focused on their acquittal of those charges.  Plaintiffs' acquittal is not relevant to the "severity of the crime[s] at issue" because, as set forth above, an acquittal does

not demonstrate their innocence.  An acquittal does not prove that Sergeant

Beasley lacked probable cause to believe that the charged offenses had been

committed.  *See Bradley v. Reno*, 749 F.3d 553, 556 (6th Cir. 2014) ("An acquittal

of course does not refute an earlier finding of probable cause; proof beyond a

reasonable doubt demands more of the prosecution than probable cause does.");

*Manley v. Paramount's Kings Island*, 299 F. App'x 524, 530 (6th Cir. 2008)

(quoting *Williams v. Cambridge Bd. of Educ.*, 370 F.3d 630, 638 (6th Cir. 2004))

(stating that "the law is clear: an arrest grounded in probable cause does not

become invalid simply because the charges are later dropped or the defendant is

acquitted").

The Court is granting Sergeant Beasley's motion to preclude references or

evidence of Plaintiffs' acquittals.

### (10) Preclude Expert Testimony for Failure to Comply with Federal Rule of Civil Procedure 26(A)(2), for Failure to Identify, or Because Records were not Produced During Discovery

In this motion, Sergeant Beasley identifies the following individuals on

Plaintiffs' witness list: Ken Katsaris, Aaron Westrick, Barry Getzen, Michael

Thomson, Gerald Shiener, and Christopher Gibson.  (*See* ECF No. 54-10 at

PageID. 1719.)  Sergeant Beasley indicates that Plaintiffs provided expert

disclosures for Drs. Westrick and Shiener.  (*Id*.)  He then summarizes some of the

Federal Rules of Civil Procedure relevant to witnesses and concludes with a

request "to preclude testimony from physical and mental health providers and potential expert witnesses who were not previously identified by Plaintiffs or for which expert disclosures were not provided, or present as evidence, records which were not produced during the course of discovery." (*Id*. at PageID. 1722-23.)

Sergeant Beasley's motion is too vague to render a ruling possible. Aside from Drs. Westrick and Shiener, he does not indicate whether the remaining witnesses referred to in his motion are health providers or experts.[8] Sergeant Beasley acknowledges that expert disclosures were provided for Drs. Westrick and Shiener, and he does not identify any alleged deficiencies in those disclosures. Nor does he assert that Plaintiffs violated any other requirement under the Federal Rules of Civil Procedure with respect to these witnesses or any other witnesses.

Thus, the Court is denying this motion without prejudice.

### (11) Preclude References or Discussion of Plaintiffs' Whereabouts or Activities on the Relevant Evening

In this motion, Sergeant Beasley asks the Court to preclude Plaintiffs from offering evidence that they were in Greektown celebrating Mr. Jackson-Gibson's 25th birthday when the incident being litigated occurred. Sergeant Beasley maintains that this information is not relevant. The Court disagrees. As Plaintiffs

---

[8] Plaintiffs provide that Christopher Gibson also is an expert and that expert disclosures were provided for him. Sergeant Beasley does not dispute this in his reply brief.

offer, this evidence provides context of why they were in Greektown that evening and who they were with.  *See* Fed. R. Evid. 401, advisory committee's note (Evidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding.)

The motion is denied.

### (12) Regarding the Use of TASER/CEWs as Trial Exhibits

In accordance with Eastern District of Michigan Administrative Order 95-079, Sergeant Beasley asks the Court in this motion for an order permitting him to bring a TASER Model X2 into the courthouse for use as a trial exhibit.  Plaintiffs object to this request, arguing that the TASER's use as a demonstrative device serves no purpose and is irrelevant to the issues presented.  Further, they argue that it has never been disclosed as a potential trial exhibit.  Finally, they point out that Sergeant Beasley offers no explanation for why this demonstrative exhibit is needed.

As Sergeant Beasley does not address Plaintiffs' arguments in reply and, in fact, has not explained why this demonstrative exhibit is needed, the Court is denying his motion.

### (13) Preclude References or Discussion of Dr. Schiener's Relationship with the City and/or its Departments

Plaintiff's expert witness, Dr. Schiener, apparently was once employed by or had a relationship with the City of Detroit.  Sergeant Beasley seeks to preclude Plaintiffs from referencing or discussing this employment or these relationship(s), arguing that such evidence is irrelevant and, even if relevant, is excludable under Federal Rule of Evidence 403.  Specifically, Sergeant Beasley maintains that this evidence would be unfairly prejudicial to him or "mislead the jury because it would improperly infer to the jury that Dr. Scheiner possesses specialized knowledge regarding the case and erroneously add credibility to [his] testimony." (ECF No. 54-13 at PageID. 1729.)

As Plaintiffs point out, however, Dr. Scheiner's experience is relevant to the jury's assessment of his testimony.  His credentials, experience, and work history are considerations that impact his credibility, the weight to accord his opinions, and may explain the basis for those opinions.  Contrary to Sergeant Beasley's contention in his reply brief, the Court does not view this evidence as relevant only to whether Dr. Scheinder is qualified as an expert witness.

The Court, therefore, denies the motion.

19

**(14) Preclude References or Discussion of Costs Incurred by Plaintiffs in their Defense of the Criminal Proceedings**

**(15) Preclude References or Discussion of Probable Cause or Plaintiffs' Right to Resist an Unlawful Arrest**

Contending that Plaintiffs' false arrest claims *will* be dismissed by way of a directed verdict at trial, if not before, Sergeant Beasley seeks to exclude on relevance grounds any evidence of the costs Plaintiffs incurred to defend against the criminal charges. Based on the same contention, Sergeant Beasley seeks to preclude Plaintiffs from referencing or presenting evidence regarding probable cause or their right to resist an unlawful arrest.

Plaintiffs' false arrest claims are still pending, however. Unless and until those claims are dismissed, the costs to Plaintiffs to defend those charges are relevant to their damages. As discussed earlier, a motion in limine is not a proper vehicle for challenging the sufficiency of a plaintiff's claims; a motion for summary judgment is the mechanism for eliminating claims for which there are no genuine issues of material fact. *See Louzon*, 718 F.3d at 561.

Nevertheless, it is inefficient to proceed to trial on Plaintiffs' false arrest claims if those claims would have been subject to dismissal on a properly filed summary judgment motion.[9] Not only would the number of claims be narrowed,

---

[9] Defendants did not seek summary judgment on Plaintiffs' false arrest claims in their motion for summary judgment (*see* ECF No. 33), although they moved for

but so too would the number of Plaintiffs, as it is Ms. Dixon's only surviving claim. For that reason, the Court will permit Sergeant Beasley to file a motion for judgment on the pleadings or a second summary judgment motion as to Plaintiffs' false arrest claim, provided the motion is filed **on or before April 18, 2025**. An expedited briefing schedule is provided below, in the event a motion is filed.

### (16) Exclude Testimony of Plaintiffs' Expert, Aaron Westrick

Sergeant Beasley seeks to exclude Dr. Westrick's expert opinions, arguing that they are not the product of reliable principles and methods, and that his opinions regarding excessive force contain impermissible legal conclusions.

Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

---

reconsideration arguing, in part, that the Court erred in finding that they had not done so (*see* ECF No. 41). The Court denied their motion for reconsideration, however, finding that Defendants "never challenged—either expressly or by implication—any claims but those alleging that Sergeant Beasley used excessive force against [them] and that [the remaining Defendants] failed to intervene . . .." (ECF No. 44 at PageID. 1632.) As the Court further observed, Defendants in fact acknowledged in their motion for reconsideration that, until the Court's summary judgment ruling, they were unaware that false arrest claims were even being pursued. (*See id.* (quoting ECF No. 41 at PageID. 1520).) Defendants did not subsequently seek leave to file a second summary judgment motion to address those claims.

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Rule 702 imposes a special duty on trial judges to "ensure that any and all scientific testimony is not only relevant, but reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). The *Daubert* Court listed several non-exhaustive factors for courts to consider in this reliability determination.[10] *Id.* at 592-95. *Daubert* and these factors may play a limited role when considering the admissibility of certain expert testimony, however.

"[T]he *Daubert* factors do not constitute a 'definitive checklist or test,' but may be tailored to the facts of a particular case." *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 529 (6th Cir. 2008) (quoting *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 150 (1999)) In fact, the Sixth Circuit "h[as] recognized that the *Daubert* factors 'are not dispositive in every case' and should be applied only 'where they are reasonable measures of the reliability of expert testimony.'" *Id.*

---

[10] These factors include: "testing, peer review, publication, error rates, the existence and maintenance of standards controlling the technique's operation, and general acceptance in the relevant scientific community." *In re Scrap Metal Litig.*, 527 F.3d 517, 529 (6th Cir. 2008) (quoting *United States v. Langan*, 263 F.3d 613, 621 (6th Cir. 2001)).

(quoting *Gross v. Comm'r of Internal Revenue*, 272 F.3d 333, 339 (6th Cir. 2001)). The factors "may be of limited utility in the context of non-scientific expert testimony." *First Tenn. Bank Nat'l Ass'n v. Barreto*, 268 F.3d 319, 334 (6th Cir. 2001) (citing *United States v. Jones*, 107 F.3d 1147, 1158 (6th Cir.), *cert. denied*, 521 U.S. 1127 (1997)); *see also id*. (quoting *Berry v. City of Detroit*, 25 F.3d 1342, 1349 (6th Cir. 1994) , *cert. denied*, 513 U.S. 1111 (1995)) (recognizing that "'the distinction between scientific and non-scientific expert testimony is a critical one' and that *Daubert* is 'only of limited help' in assessing technical or experiential expertise'") (alterations omitted).  For example, the Sixth Circuit has explained that "*Daubert*'s role of ensuring that the courtroom door remains closed to junk science, is not served by excluding testimony . . .  that is supported by [the expert witness's] extensive relevant experience." *Dickenson v. Cardiac & Thoracic Surgery of E. Tenn., P.C.*, 388 F.3d 976, 982 (6th Cir. 2004) (internal quotation marks and citation omitted).

Dr. Westrick's opinions constitute the type of non-scientific expert testimony for which *Daubert* is of limited help.  His opinions are based on his specialized knowledge and experience, not scientific principles or methods.  To the extent Sergeant Beasley objects to Dr. Westrick's opinions on the basis that they contain impermissible legal conclusions, Federal Rule of Evidence 704 abolishes the "ultimate issue" rule which precluded opinion testimony merely because it

embraced an ultimate issue.  Fed. R. Evid. 704 ("An opinion is not objectionable just because it embraces an ultimate issue.").

For these reasons, this motion is denied.

### Summary

With respect to Defendants' motions in limine, the Court rules as follows:

1.  To preclude evidence of the City of Detroit's indemnification or Detroit Law Department's representation of Sergeant Beasley is **CONDITIONALLY GRANTED**.

2.  To preclude references to race in relation to law enforcement is **DENIED AS MOOT**.

3.  To preclude "Golden Rule," "Community Consciousness," or "Send a Message" arguments is **GRANTED**.

4.  To preclude references to a "Code of Silence" or "Blue Wall" is **GRANTED**.

5.  To preclude references to media reports or unrelated incidents involving allegations of police misconduct, use of force, the City's Consent Decree, or police/public relations generally is **DENIED WITHOUT PREJUDICE**.

6.  To preclude references to past or subsequent officer misconduct, citizen complaints, disciplinary history, misconduct investigations, administrative,

legislative, or judicial hearing transcripts, recordings, findings, or judgments is
**DENIED WITHOUT PREJUDICE**.

7.  To preclude claims or references to punitive damages is **DENIED**.

8.  To preclude assertions of an amount of damages based on the inherent
value or importance of the constitutional right at stake is **GRANTED**.

9.  To preclude references or testimony regarding Plaintiffs' acquittal is
**GRANTED**.

10.  To preclude expert testimony for failure to comply with Federal Rule of
Civil Procedure 26(A)(2), for failure to identify, or because records were not
produced during discovery is **DENIED WITHOUT PREJUDICE**.

11.  To preclude references or discussion of Plaintiffs' whereabouts or
activities on the relevant event is **DENIED**.

12.  Regarding the use of TASER/CEWs as trial exhibits is **DENIED**.

13.  To preclude references or discussion of Dr. Shiener's relationship with
the City and/or its departments is **DENIED**.

14.  To preclude references or discussion of costs incurred by Plaintiffs in
their defense of the criminal proceedings is **DENIED**.

15.  To preclude references or discussion of probable cause or Plaintiffs'
right to resist an unlawful arrest is **DENIED**.

16.  Exclude testimony of Plaintiffs' expert, Dr. Aaron Westrick, is

**DENIED**.

The Court is permitting Sergeant Beasley to file a motion for judgment on the pleadings or second summary judgment motion to address Plaintiffs' false arrest claims *provided* such motion is filed **on or before April 18, 2025**.  Any response to the motion is due **on or before April 28**.  No further briefing will be permitted.

**SO ORDERED**.

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: April 10, 2025